# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON

STEPHEN WILSON,

      Plaintiff,

v.                          Case No. 2:14-cv-23764

LYLE LESHER, Correctional Officer II,
CORPORAL CHRISTOPHER HESS,
SERGEANT CHARLES LEGG,[1]

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is defendant Charles Legg's Motion to Set Aside Entry of Default (ECF No. 24), as well as the plaintiff's Request for Award of Damages Against Defendant Charles Legg (ECF No. 37), which the undersigned construes as a Motion for Default Judgment against defendant Legg.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendant Legg's Motion to Set Aside Entry of Default (ECF No. 24) and **DENY** the plaintiff's Request for Award of Damages Against Defendant Charles Legg (ECF No. 37).

---

[1] In the documents filed by defendant Legg, he indicates that his current rank is Sergeant, not Lieutenant. Accordingly, the Clerk is directed to modify the docket sheet to reflect this correction.

## PROCEDURAL HISTORY

On July 15, 2014, the plaintiff filed a Complaint alleging that, on July 17, 2012, while incarcerated at the Mount Olive Correctional Complex ("MOCC"), defendant Lesher sprayed the plaintiff with an excessive amount of chemical agent on his face, head and body while he was laying face down and being compliant and non-resistant. The Complaint further alleges that defendants Hess and Legg unconstitutionally failed to intervene to stop or temper Lesher's use of such force. The Complaint contends that the conduct of the defendants violated the plaintiff's rights under the Eighth Amendment of the United States Constitution and Article III, § 5 of the West Virginia Constitution. The plaintiff seeks a declaratory judgment and monetary damages.

The plaintiff's Application to Proceed Without Prepayment of Fees and Costs was granted and summonses were issued on April 7, 2016. (ECF No. 13). According to the docket sheet, on April 13, 2016, the Clerk docketed a return receipt indicating that defendant Charles Legg signed for and received his Summons and Complaint packet on April 8, 2016. Thus, Legg's Answer to the Complaint or other responsive pleading was due by April 29, 2016.[2] However, defendant Legg did not file a timely responsive pleading and made no other appearance in this matter. Nor did the plaintiff thereafter request entry of default against defendant Legg or make any other inquiry concerning this matter. Therefore, on April 7, 2017, no action having been taken by the parties, the undersigned entered an Order directing the Clerk to enter default against defendant Legg (ECF No. 21), and default was thereafter entered on April 10, 2017 (ECF No. 22).

---

[2] The summonses for defendants Lesher and Hess were returned as undeliverable, presumably because they are no longer employed at the Mount Olive Correctional Complex. The plaintiff has not provided any other addresses where service of process may be attempted on those defendants.

Immediately thereafter, on April 13, 2017, attorneys Lou Ann Cyrus and Caleb David of the law firm of Shuman, McCuskey & Slicer, PLLC, entered an appearance on behalf of defendant Legg and, on April 14, 2017, filed the instant Motion to Set Aside Entry of Default (ECF No. 24), requesting that the default entered against defendant Legg be set aside. Legg's motion acknowledges that he received the Summons and Complaint and reported receipt thereof to his superiors at MOCC. However, "notice of the suit never reached the proper channels and counsel was not retained." (*Id.* at 2, 4). Legg's motion maintains that he was unaware that he was in default and asserts that he has a meritorious defense to the plaintiff's allegations against him. (*Id.*) Therefore, he asserts that good cause exists to set aside the entry of default and to allow this matter to be resolved on its merits. (*Id.* at 4). Legg further contends that the plaintiff will not be prejudiced by the setting aside of the default, as the other defendants have not been served with process, and this matter has not progressed beyond its initial stages. (*Id.* at 5).

On April 24, 2017, defendant Legg, by counsel, also filed a Supplement to his motion (ECF No. 26), providing an Affidavit setting forth his proposed defense(s) to the Complaint (*id.*, Attach. 1).

On May 8, 2017, the plaintiff filed a Response in Opposition to defendant Legg's Motion to Set Aside Entry of Default (ECF No. 27), in which he vigorously challenges defendant Legg's assertion that there is good cause to set aside the default. The plaintiff asserts that Legg's failure to ensure that he had counsel and timely filed a response to the Complaint was not a mistake or excusable neglect but, rather, was due to "laziness" and a "lack of concern." (ECF No. 27 at 2-3). The plaintiff further contends that Legg is a "veteran litigator" who has been named as a defendant in prior lawsuits and, thus, "knows

exactly how this process works and cannot claim ignorance . . ." (*Id.* at 2). The plaintiff further contends that Legg has affirmatively misrepresented facts in his Affidavit and briefs concerning the merits of his defense. (*Id.* at 3-5). Thus, he contends that Legg was not relieved of his responsibility to inquire about the status of his defense and that his conduct does not justify setting aside the default.

On May 15, 2017, defendant Legg filed a Reply (ECF No. 28). The Reply asserts in pertinent part:

> As the Court is aware, the State of West Virginia insures the West Virginia Division of Corrections, so it is somewhat understandable that Defendant Legg was under the mistaken belief that the matter was being handled by the state's insurance carrier. [Footnote omitted] When he learned a default had been entered, however, he acted promptly through counsel to try to remedy the matter. * * * Because Plaintiff disputes Defendant Legg's defense, the Entry of Default should be set aside and the instant action should be disposed of upon its merits.

(*Id.* at 4, 6).

On May 30, 2017, the plaintiff filed an unauthorized sur-reply (ECF No. 30), which largely reiterates his assertions that Legg was not diligent in assuring that a timely response was filed, despite having been through previous litigation, and further disputes the accuracy of Legg's factual support for his defense. (*Id.*)

Thereafter, the plaintiff served written discovery requests upon defendant Legg. (ECF Nos. 34, 35 and 39). Thus, the undersigned believed that the plaintiff may have abandoned his objection to defendant Legg's Motion to Set Aside Entry of Default. However, on December 6, 2017, the plaintiff filed a Request for Award of Damages Against Defendant Charles Legg (ECF No. 37), which, as stated above, appears to be akin to a Motion for Default Judgment, and will be treated as such herein.

## ANALYSIS

Rule 55(a) requires that default be entered by the Clerk when "a party against whom a judgment for affirmative relief is sought" has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed. R. Civ. P. 55(b). However, prior to entry of a default judgment, a court may, in its discretion, and "for good cause shown," set aside the entry of default. *See Payne v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006) (citing *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)).

As noted by defendant Legg in his motion, default judgments are not favored, and "[g]enerally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Rasmussen v. American Nat'l Red Cross*, 155 F.R.D. 549, 551 (S.D. W. Va. 1994) (quoting *Moradi*, 673 F.2d at 727). (ECF No. 24 at 3). The defendant's motion further notes that the United States Court of Appeals for the Fourth Circuit has established a six-factor analysis to determine whether good cause exists to set aside an entry of default. Those six factors consist of the following:

> (1) whether the defaulting party has a meritorious defense; (2) whether the defaulting party acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the non-defaulting party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic.

*See Moradi*, 673 F.2d at 728. (ECF No. 24 at 3-4). The Court has suggested that the reasonable promptness and meritorious defense factors hold the most weight and,

generally, the entry of default should be set aside when those factors, alone, are met. *Consolidated Masonry & Fireproofing, Inc.*, 383 F.2d at 251. As noted by defendant Legg, "even if a defense is tenuous, [] the meritorious defense factor should weigh in favor of granting a motion to set aside entry of default." (*Id.* at 4) (quoting *Hanson & Morgan Livestock, Inc. v. B4 Cattle Co.*, No. 5:07-cv-00330, 2007 U.S. Dist. LEXIS 90361 at *7 (S.D. W. Va. Dec. 7, 2007) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).

The defendant has proffered facts to support a meritorious defense to the plaintiff's claims. (*Id.* at 3-4). While the plaintiff strongly disputes the factual basis for Legg's defense, such a dispute is best left to development in discovery and resolution on the merits. While defendant Legg has acknowledged his dilatory action in failing to ensure that a timely response to the Complaint was made, both he and the plaintiff failed to take any action to move this case forward until the court directed the entry of default. Thus, the plaintiff also has some responsibility for the delay in this matter. Given the fact that this case is still in its early stages, and some discovery has now been initiated, neither party has suffered prejudice to their positions at this stage of the proceedings.

Therefore, upon consideration of the *Moradi* factors discussed above, the undersigned proposes that the presiding District Judge **FIND** that defendant Legg can establish good cause to set aside the entry of default against him. As a result of setting aside the default and, moreover, because there are, at this stage of the proceedings, disputes of fact that prohibit a summary judgment in favor of the plaintiff, the undersigned further proposes that the presiding District Judge **FIND** that the plaintiff's Request for Award of Damages Against Defendant Charles Legg (ECF No. 37) is not presently warranted. The plaintiff has simply not demonstrated, at this point of the

proceedings, that there is no genuine issue of material fact, or that he is entitled to judgment as a matter of law on his claims. This matter is best left for further development through discovery.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** defendant Legg's Motion to Set Aside Entry of Default (ECF No. 24) and **DENY WITHOUT PREJUDICE** the plaintiff's Request for Award of Damages Against Defendant Charles Legg (ECF No. 37).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties (or their counsel where applicable) and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

December 18, 2017

Dwane L. Tinsley
United States Magistrate Judge