## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**STEPHEN WILSON,**

      **Plaintiff,**

**v.**                            **Case No. 2:14-cv-23764**

**LYLE LESHER, Correctional Officer II,**
**CORPORAL CHRISTOPHER HESS, and**
**LIEUTENANT CHARLES LEGG, in their**
**individual capacities,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is defendant Charles Legg's Motion to Dismiss (ECF No. 57), which asserts, *inter alia*, that the Complaint should be dismissed because the plaintiff failed to exhaust his administrative remedies. For the reasons stated herein, it is respectfully **RECOMMENDED** that defendant Legg's Motion to Dismiss (ECF No. 57) be **GRANTED**, and that the Complaint and this civil action be dismissed in its entirety.

## RELEVANT PROCEDURAL HISTORY

The plaintiff's Complaint arises out of a use of force against him on July 17, 2012, when he was pepper sprayed by defendant Lyle Lesher in the course of his apprehension following an escape attempt at the Mount Olive Correctional Complex ("MOCC"). The

plaintiff alleges that Lesher "wantonly and with malicious intent sprayed an excessive amount of chemical agent upon Plaintiff's person" and that defendants Hess and Legg "failed to intervene and/or stop Defendant Lesher, all in violation of the Eighth Amendment to the United States Constitution and in violation of Article III, § 5 of the West Virginia Constitution. (ECF No. 1 at 4-7).

On January 16, 2018, defendant Charles Legg filed the instant Motion to Dismiss (ECF No. 57) and Memorandum of Law in support thereof (ECF No. 58).[1] On February 1, 2018, the plaintiff filed a Response in opposition to the Motion to Dismiss (ECF No. 63). On February 8, 2018, defendant Legg filed a Reply (ECF No. 64). This matter is ripe for adjudication.

## STANDARD OF REVIEW

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

---

[1] The summonses for Defendants Lyle Lesher and Christopher Hess were returned unexecuted and they have not been served with process. Nevertheless, in light of the proposed finding that the plaintiff failed to exhaust the available administrative remedies concerning all of the claims in the Complaint, it is respectfully **RECOMMENDED** that the claims against these defendants also be dismissed.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-679.

## ANALYSIS

### A.    The plaintiff failed to properly exhaust his administrative remedies prior to filing his Complaint.

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), was enacted "to address concerns about the 'ever-growing number of prison-condition lawsuits that were threatening to overwhelm the capacity of the federal judiciary.'" *Green v. Young*, 454 F.3d 405, 406 (4th Cir. 2006) (quoting *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 676 (4th Cir. 2005)). "The PLRA imposes some rather substantial limitations on a prisoner's ability to initiate a civil action." *Id.* One such limitation is the requirement that prisoners exhaust administrative remedies within the prison before filing a civil action." *Id.*

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court of the United States held that exhaustion of administrative remedies is mandatory, regardless of the type of relief sought or offered through the administrative procedures. *Id.* at 741. In *Booth*, the Court required exhaustion even where the grievance process does not permit the award of money damages, and the prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action. *Id.*

"Not only must a prisoner exhaust his administrative remedies, but he must also do so properly." *Wells v. Parkersburg Work Release Ctr. et al.*, No. 2:15-cv-04103, 2016 WL 696680, at *3 (S.D. W. Va. Jan. 19, 2016). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)).

Like the PLRA, the West Virginia Prison Litigation Reform Act ("WVPLRA") "require[s] inmates to exhaust their administrative remedies before they bring a lawsuit." *Legg v. Adkins*, No. 2:16-cv-01371, 2017 WL 722604, at *2 (S.D. W. Va. 2017) (citing 42 U.S.C. § 1997e(a); W. Va. Code § 25-1A-2a(i)). Under the WVPLRA, "[a]n inmate may not bring a civil action regarding an ordinary administrative remedy until the procedures

promulgated by the agency have been exhausted." W. Va. Code § 25-1A-2(c).   The

WVPLRA defines an ordinary administrative remedy as "a formal administrative process

by which an inmate submits a grievance seeking redress or presenting concerns regarding

any general or particular aspect of prison life. . . . An ordinary administrative remedy

includes, but is not limited to, . . . staff treatment or some other alleged wrong." *Id.* § 25-

1A-2(a). Under the WVPLRA,

> An ordinary administrative remedy is considered exhausted
> when the inmate's grievance complies with duly promulgated
> rules and regulations regarding inmate grievance procedures,
> has been accepted, fully appealed and has received a final
> decision from the Commissioner of Corrections or the
> Commissioner's designee, or the Executive Director of the
> Regional Jail Authority, or the Director's designee.

W. Va. Code § 25-1A-2(d).

While "failure to exhaust available administrative remedies is an affirmative

defense," it is a threshold issue that must be resolved before reaching the merits of the

underlying claims for relief.  *Jones*, 549 U.S. at 216; *Moore v. Bennette*, 517 F.3d 717, 725

(4th Cir. 2008).  If a plaintiff fails to exhaust his or her administrative remedies under the

PLRA or WVPLRA, then the defendant is entitled to judgment as a matter of law. *See*

*Legg*, No. 2:16-cv-01371, 2017 WL 72604, at *2. Whether an administrative remedy has

been exhausted for purposes of the PLRA "is a question of law to be determined by the

judge." *Creel v. Hudson*, No. 2:14-cv-10648, 2017 WL 4004579, at *3 (S.D. W. Va. 2017)

(citing *Drippe v. Tobelinski*, 604 F.3d 778, 782 (3d Cir. 2010)).

In the instant matter, defendant Legg has asserted that the plaintiff failed to

properly exhaust the available administrative remedies concerning the issues addressed

in his Complaint.  (ECF No. 58 at 3-6).  At the time of the subject incident, Section 90 of

5

the West Virginia Code provided the procedures that inmates were required to follow when filing a grievance. As noted in the defendant's Memorandum of Law, the steps for filing and appealing grievances are as follows:

> Specifically, an inmate may file a grievance using forms provided by the prison "within fifteen (15) days of any occurrence that would cause him/her to file a grievance." W. Va. Code St. R. § 90-9-4.1. The grievant is limited to one issue or complaint per form, and the form is to be submitted to the unit manager. W. Va. Code St. R. §§ 90-9-4.2, 90-9-4.3. The unit manager is to respond within five days, and the inmate may appeal the unit manager's response. W. Va. Code St. R. § 90-9-5.1. The warden must then respond to to the appeal within five days of the delivery of the response to the inmate. W. Va. Code St. R. § 90-9-5.4. Then, the inmate may appeal the warden's response to the Commissioner of the Division of Corrections within five days after he receives the warden's response. W. Va. Code St. R. § 90-9-6.1. Furthermore, the Rules state that, "if a grievance has not been properly submitted through any level by an inmate, it shall be rejected. **A rejected grievance does not exhaust the grievance process or that step of the process**." W. Va. Code St. R. § 90-9-6.4 (emphasis added).

(*Id.* at 5).

Although the plaintiff filed a grievance related to the use of force against him on July 17, 2012, Defendant Legg contends that he did not properly exhaust his administrative remedies concerning the claims in his Complaint because the grievance was filed almost two years after the incident and was limited only to the conduct of defendant Lesher. Specifically, defendant Legg's Memorandum of Law in support of his Motion to Dismiss states:

> Plaintiff did file a grievance on June 23, 2014, nearly two years after the alleged incident. *See* Grievance, attached hereto as Exhibit 1. Plaintiff's grievance states that, "[o]n July 17th, 2012, my eighth amendment [sic] rights were violated when CO2 Lesher did while acting under color of state law, inflict deliberate , malicious and sadistic excessive use of force upon my person with deliberate, malicious, and sadistic intent to cause harm and wanton injury, pain and suffering upon my person . . . ." Ex. 1, p. 2. Plaintiff's grievance sought "[t]hat CO2 Lyle Lesher be held accountable legally and civilly for the deliberate, intentional, malicious, and sadistic use of force and violation of my Eighth Amendment rights." Ex. 1. p. 1. The Unit Manager rejected Plaintiff's grievance on June 26, 2014 for "[t]ime

frame issues." Ex. 1, p. 1.  Plaintiff appealed the rejection of his grievance to the Warden/Administrator on June 30, 2014.  Ex. 1, p. 1.  The Warden/Administrator rejected Plaintiff's grievance on July 2, 2014 because the "[i]ssue allegedly occurred two (2) years ago." Ex. 1, p.1.  On July 10, 2014, Plaintiff appealed the Warden/Administrator's rejection of his grievance to the Commissioner of the West Virginia Division of Corrections.  Ex. 1, p. 1.  The Commissioner also rejected Plaintiff's grievance because the "[t]ime frame expired." Ex. 1, p. 1.

(ECF No. 58 at 2).  Defendant Legg correctly notes that a rejected grievance does not exhaust the grievance process.  (*Id.* at 6).  Accordingly, he asserts that the Complaint must be dismissed.  (*Id.*)

The plaintiff filed a Response to Defendant Legg's Motion to Dismiss in which he contends that he was not required to name every single defendant in his grievance.  The plaintiff is correct that, in *Jones*, the Supreme Court held that an inmate does not automatically fail to exhaust when the inmate sues one or more defendants not named in the pertinent grievances.  549 U.S. at 219.  However, it is expected that the plaintiff is required to exhaust the issues that form separate bases of his claims for relief.  *See, e.g. Moore*, 517 U.S. at 729 (inmate must grieve discrete claims of inadequate medical treatment); *White v. Lee*, No. C-07-0638, 2008 WL 11300052 (N.D. Cal. Aug. 8. 2008) (exhaustion of a general claim such as denial of proper medical care does not permit assertion of additional claims not addressed in the administrative remedy process).

In the instant case, although the plaintiff specifically mentions the conduct of defendant Lesher, he neither mentions any other defendants by name, nor does he assert that other officers failed to intervene to stop Lesher's use of pepper spray.  At most, the plaintiff's grievance mentions that the testimony of the other officers present would confirm his version of the facts.  Nowhere in the grievance does the plaintiff allege that the other officers violated his rights by failing to intervene or stop Lesher's conduct.  Thus,

the plaintiff has not exhausted the failure to intervene claims raised against defendants Hess and Legg in his Complaint.

Moreover, regardless of the content of the grievance, it is evident that the plaintiff failed to properly exhaust his administrative remedies concerning <u>any</u> claims arising out of this incident because he did not timely file his grievance, and it was rejected on that basis. The plaintiff's grievance was not filed within the 15-day time period allotted under the grievance procedures and, in fact, was not filed until nearly two years after the incident.

The plaintiff does not dispute the untimeliness of his grievance. However, he asserts that he was prevented from timely filing the grievance because he had pending criminal charges against him arising out of his escape attempt and would have been forced to forego his right against self-incrimination under the Fifth Amendment if he had attempted to timely grieve this incident. The undersigned is unpersuaded that the plaintiff's right against self-incrimination made the grievance process unavailable to him.

Furthermore, as aptly noted by Defendant Legg in his Reply, the plaintiff was adjudged guilty and sentenced to the escape charge on August 15, 2013, and still failed to file his grievance concerning this incident for another nine months thereafter. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the pendency of the plaintiff's criminal charges did not make the administrative remedy process unavailable and should not excuse his failure to properly exhaust before filing his Complaint. Moreover, the plaintiff's additional assertion that the administrative remedy process was denied him through "machination, misrepresentation, or intimidation" is conclusory and unsupported by any evidence.

For these reasons, the undersigned further proposes that the presiding District Judge **FIND** that the plaintiff failed to properly exhaust his administrative remedies concerning all of the claims in his Complaint and that the Complaint should be dismissed in its entirety pursuant to 42 U.S.C. § 1997(e)(a), W. Va. Code § 25-1-2(c), and Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]

### RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** defendant Charles Legg's Motion to Dismiss (ECF No. 57) and **DISMISS** the plaintiff's Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1997(e)(a), W. Va. Code § 25-1-2(c), and Rule 12(b)(6) of the Federal Rules of Civil Procedure

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

---

[2]  In light of the recommended dismissal of this civil action based upon the plaintiff's failure to exhaust administrative remedies, the undersigned believes it is unnecessary to address the other grounds for dismissal argued in defendant Legg's motion.

Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985*); United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

May 7, 2018

Dwane L. Tinsley
United States Magistrate Judge